UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANDY ROBY, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 14-cv-12832-IT |
| | * |
| COMMONWEALTH OF MASSACHUSETTS, | * |
| | * |
| Respondent. | * |

ORDER

December 22, 2014

TALWANI, D.J.

Before the court are Petitioner Randy Roby's ("Roby") Motion to Waive All Fees [#11] and Motion to Appoint Counsel [#12].[1] For the reasons set forth below, Roby's motions are DENIED WITHOUT PREJUDICE.

Roby paid his initial filing fee and did not seek leave to proceed in forma pauperis.[2] He now asks to proceed without costs because he is "indigent meeting the requirements under both[] State and Federal Statues."[3] Roby does not identify any specific cost or fee he seeks to have waived, and he has not provided a financial affidavit and prison account statement to support his claim of indigence. Accordingly, Roby's Motion[s] to Waive All Fees [#11, 19] are DENIED

---

[1] These motions are identical to Roby's Motion to Waive All Fees [#19] and Motion to Appoint Counsel [#19]. In light of this duplicate filing, the court treats the motions together.

[2] See Mot. Waive All Fees ¶ 1 [#11]; Mot. Waive All Fees ¶ 1 [#19] [hereinafter Second Mot. Waive All Fees].

[3] Mot. Waive All Fees ¶ 1; Second Mot. Waive All Fees ¶ 1.

WITHOUT PREJUDICE to re-filing in conjunction with a request to waive payment of any specific costs or fees and with accompanying proof of indigence.

A party to a civil proceeding generally lacks a constitutional right to free counsel.[4] A court may, however, request the appointment of counsel to represent an indigent party in exceptional circumstances.[5] In determining whether exceptional circumstances exist, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.[6]

As set forth above, Roby has not proven his indigence. Moreover, Roby has not shown exceptional circumstances warranting appointment of counsel. Roby requests counsel because the Federal Rules of Civil Procedure, as well the rules governing federal habeas corpus proceedings, are complex.[7] Because these rules govern every petition for habeas corpus filed by a pro se litigant, their alleged complexity is not an exceptional circumstance favoring appointment of counsel in this case.[8] Roby also requests counsel because the court may require an evidentiary hearing.[9] At this stage in the proceedings, it is unclear that an evidentiary hearing

---

[4] See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986).

[5] See DesRosiers, 949 F.2d at 23; Cookish, 787 F.2d at 2.

[6] See DesRosiers, 949 F.2d at 24; Cookish, 787 F.2d at 3.

[7] See Mot. Appoint Counsel ¶ 1 [#12]; Mot. Appoint Counsel ¶ 1 [#19] [hereinafter Second Mot. Appoint Counsel].

[8] Lucien v. Spencer, 534 F. Supp. 2d 207, 209–10 (D. Mass. 2008) (citing DesRosiers, 949 F.2d at 23–24; Cookish, 787 F.2d at 2–3).

[9] See Mot. Appoint Counsel ¶ 2; Second Mot. Appoint Counsel ¶ 2.

will be necessary.[10]  The future possibility of a hearing is insufficient to justify appointment of counsel at this time.

Accordingly, Roby's Motion[s] to Appoint Counsel [#12, 19] are DENIED WITHOUT PREJUDICE to Roby renewing his request after he files a memorandum in support of his petition and the Respondent files an opposition.[11]  After such briefing, the court will be better able to determine whether the merits of the case, the complexity of the legal issues, and Roby's ability to represent himself give rise to exceptional circumstances warranting the appointment of counsel.  If counsel is appointed, the court will consider the need for supplemental briefing.

IT IS SO ORDERED.

December 22, 2014                                              s/ Indira Talwani
                                                               United States District Judge

---

[10] In federal habeas proceedings, the court may only hold evidentiary hearings in limited circumstances.  See 28 U.S.C. § 2254(e)(2).

[11] See Scheduling Order [#20] (setting briefing schedule for Roby's petition).