UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RANDY ROBY,

    Petitioner,

v.

COMMONWEALTH OF MASSACHUSETTS,

    Respondent.

Civil Action No. 14-cv-12832-IT

ORDER

January 20, 2015

TALWANI, D.J.

Before the court are Petitioner Randy Roby's ("Roby") Motion to Waive all Fees [#22] and Motion to Appoint Counsel [#24]. For the reasons set forth below, both motions are DENIED WITHOUT PREJUDICE.

I.    Motion to Waive All Fees

Roby has paid the initial filing fee in this case and did not seek leave to proceed in forma pauperis. He has twice previously filed motions to waive all fees, which were denied by the court without prejudice.[1] In denying those prior motions, the court explained that Roby had not filed an affidavit showing his indigence and had not identified any specific fees or costs he sought to have waived. Accordingly, the court denied the motion without prejudice to its renewal "in conjunction with a request to waive payment of any specific costs or fees and with accompanying proof of indigence."[2]

---

[1] See Mot. Waive All Fees [#11]; Mot. Waive All Fees [#19]; Order [#21].

[2] See Order [#21].

Roby's current motion is accompanied with an affidavit and prison account statement. However, Roby has again failed to identify any specific cost or fee that he seeks to have waived. Because no costs or fees are currently owed, and Roby has not identified any future costs or fees that he believes should be waived, his motion is DENIED WITHOUT PREJUDICE. Should any specific costs or fees become due, Roby may renew this motion. At that time, he should identify the costs or fees he seeks to have waived and re-file an affidavit and accompanying material showing his indigence.

II. Motion to Appoint Counsel

A party to a civil proceeding generally lacks a constitutional right to free counsel.[3] In determining whether to request counsel, the court considers whether the requesting party is indigent and whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging upon the party's due process rights.[4] To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.[5]

Roby has twice previously filed motions to appoint counsel in this case, which were denied without prejudice by the court.[6] In support of his prior motions, Roby stated that he lacked familiarity with the Federal Rules of Civil Procedure and the rules governing federal habeas corpus petitions. The court explained that a lack of familiarity with applicable law was

---

[3] See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986).

[4] See DesRosiers, 949 F.2d at 23; Cookish, 787 F.2d at 2 n.1.

[5] See DesRosiers, 949 F.2d at 24; Cookish, 787 F.2d at 2 n.1.

[6] See Order [#21].

2

common among pro se litigants and, therefore, did not alone constitute an exceptional circumstance warranting a request for the appointment of pro bono counsel. Roby also stated that he required pro bono counsel because the court might hold an evidentiary hearing. The court explained that it was unlikely an evidentiary hearing would be required in this case[7] and, further, that the mere possibility of a hearing was not an exceptional circumstance.

The court denied Roby's prior motions without prejudice to renewal after Roby "files a memorandum in support of his petition and the Respondent files an opposition."[8] The court explained that, after receiving such briefing, it would be better able to assess "whether the merits of the case, the complexity of the legal issues, and Roby's ability to represent himself give rise to exceptional circumstances warranting the appointment of counsel."[9]

Roby filed the current motion to appoint counsel prior to completing the briefing requested by the court.[10] In support of this motion, Roby again states that counsel is required because of his lack of familiarity with the law and the possibility of an evidentiary hearing. As explained in the court's prior order and above, these reasons do not constitute exceptional circumstances sufficient to justify a request for the appointment of pro bono counsel.

Roby also argues that the court should request the appointment of pro bono counsel in this case because, in light of his work and education schedule, Roby has limited time to access

---

[7] As the court previously explained, evidentiary hearings are appropriate in federal habeas proceeding only in rare circumstances. See 28 U.S.C. § 2254(e)(2).

[8] See Order [#21].

[9] Id.

[10] See Scheduling Order [#20] (requiring Roby to file a memorandum in support of his petition by January 30, 2015, and Respondent to file any opposition by February 27, 2015).

the law library and work on his supporting memorandum.  Appointment of counsel, Roby argues, will help avoid delays and late filings.

The alleged limitations on Roby's time and resources are not exceptional circumstances warranting the appointment of pro bono counsel at this time.  Roby does not claim that he has been denied access to the law library, and he makes no statement regarding the complexity of the legal issues or why more time is required to appropriately address those issues.  At this stage in proceedings, any difficulty Roby has in meeting the deadline to file a memorandum in support of his petition (due January 30, 2015) is best dealt with through a motion for an extension of time to file.  If Roby chooses to seek such an extension, he may bring to the court's attention at that time any limitations on his ability to research and draft his memorandum.

Accordingly, Roby's motion to appoint counsel is DENIED WITHOUT PREJUDICE.  Roby may renew this motion after the court receives initial briefing in this case if, at that time, he believes exceptional circumstances exist warranting a request for pro bono counsel.  Should counsel be appointed, the court will consider the need for supplemental briefing.

IT IS SO ORDERED.

January 20, 2015                                                            s/ Indira Talwani
                                                                                          United States District Judge